J.C. TRAHAN, Plaintiff-Appellee,

v.

The FIRST NATIONAL BANK OF RUSTON, Defendant-Appellant.

No. 83–4139.

United States Court of Appeals, Fifth Circuit.

Dec. 2, 1983.

Rehearing and Rehearing En Banc Denied Dec. 29, 1983.

Hudson, Potts & Bernstein, B. Roy Liuzza, Monroe, La., for defendant-appellant.

Robert G. Pugh, Robert G. Pugh, Jr., Shreveport, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and POLITZ, Circuit Judges.

GEE, Circuit Judge:

On a former appeal of this case controlled by Louisiana substantive law, we affirmed a judgment of the trial court holding the appellant bank liable for conversion of 15,000 shares of pledged corporate stock and requiring it to procure and deliver to appellee Trahan a like amount of such stock within 30 days of the date of judgment. 690 F.2d 466 (5th Cir.1982). The question presented today is whether, after our affirmance of the trial court's judgment, that court was empowered to modify the judgment in such a manner as to alter the substantive relief granted by it. Concluding that it lacked such power, we reverse its judgment undertaking to do so.

Additional facts are needed for an understanding of what has happened in the case thus far. Under Louisiana law, the normal award of damages in a conversion suit is either a monetary award for the value of the stock on a reasonable date after conversion or the return of the stock. The market price of this stock fluctuated from about $10 on the date of conversion to about $30 on the judgment date, reaching a high of around $60 during this period. Based principally on reasoning that Mr. Trahan had held a large volume of this stock for many years without trading it on the market, and therefore would not have sold and so benefitted from the elevated price, the district court awarded the plaintiff specific performance,—the return of 15,000 shares.

This judgment was appealed by the bank to this court and affirmed. Cross-appealing, Mr. Trahan complained to us of the refusal of the district court to award monetary damages, which would have permitted him to benefit from the elevated stock price between the date of conversion and the date of judgment. We affirmed the award of the return of the stock based on reasoning that "there is no evidence that Trahan, if in possession [during this time], would have attempted to sell the stock at the higher prices which it reached after the date of conversion . . . ." *Trahan v. First National Bank of Ruston,* 690 F.2d 466, 468 (5th Cir.1982).

Within five days after our decision and the issuance of our mandate, the bank moved the district court for authorization to deposit 15,000 shares in its registry to comply with the award. By this time the value of the stock had fallen to $8 a share. Trahan filed a cross-motion seeking to receive the value of the stock as of the date of the former district court judgment—an amount some $300,000 greater than the value of the tendered stock. After hearing these motions, the district court amended its award because of its belief that "mere tender of 15,000 shares would be a windfall to the bank." Based on reasoning that it was the bank's failure to tender delivery of these shares within the 30 days following the date of the district court judgment that had resulted in the injury to plaintiff, the district court averaged the closing price of the stock during the last 20 days of this original 30-day period, arriving at an average price of $21.68. The district court then ordered that the "defendant bank tender to [plaintiff] 15,000 shares of TIPCO stock and the difference in price based on the closing price of a share of TIPCO on the day before the tender and the price of $21.68 per share." The sole question before us today on this second appeal from the district court is whether the district court's amended award of damages was proper.

In formulating its original judgment, the trial court had a choice between two modes of relief: an award of damages measured by the value of the converted stock on some reasonable date after conversion or return of the stock. It chose the latter. After its judgment was affirmed, it sought to revert to a version of the former. We search without success for any provision of rule or law empowering it to do so.

Appellee Trahan is able to suggest as such a provision only Rule 60(a), Federal Rules of Civil Procedure, which provides in pertinent part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

We have had recent occasion to construe and apply Rule 60(a), in that case to the correction on remand of a misrecitation in a judgment of a stipulation. We observed:

> Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. Wright & Miller, Federal Practice and Procedure: Civil § 2854 and cases cited at n. 44. If of this sort, it matters not whether the magistrate committed it—as by mistakenly drafting his own judgment—or whether his clerk did so, *id.;* the law does not regard such trifles. In such instances the judgment can be corrected to speak the truth. *Id.* and cases cited at n. 43.

Here the court clearly intended, in its original judgment, to recite the stipulation as to reasonable attorneys' fees entered into of record by the parties and to award the stipulated fees, but in doing so it mis-recited the stipulation: no one had agreed, as the court recited, that "[r]easonable and necessary attorneys' fees incurred by the plaintiff in *bringing this action equal $2100.00 as stipulated by the parties.*" (emphasis added). Rather the

agreement was on $4680.00 as a reasonable fee for bringing the action in the trial court and $2100.00 for the appeal, as the record clearly states. Thus the error was clerical, a mis-recitation of the record, and subject to correction under Rule 60(a).

*Dura-Wood Treating Co. v. Century Forest Industries, Inc.*, 694 F.2d 112, 114 (5th Cir. 1982).

We are unable to avoid the conclusion that the "mistake" or "error," if either it was, which the court sought to correct in the case before us was not of a clerical nature. Rather, it was a substantive judgment of the court, which might have been otherwise, and which did not work out as the court intended it should. Rule 60(a) does not empower the court to change it.

In closing, it may not be amiss to observe that we entirely sympathize with the desire of the court to amend its judgment to bring about substantial justice in the case before it. Trial judges are more directly and immediately confronted by the demands of doing justice, case by case, than are we; indeed, this is their primary office and duty. Yet it is the considered judgment of our polity that in the long run—if not perhaps in the given case—justice is better served by adherence to general rules. Today we address that rare case in which it well may be, the trial court has done better justice in the case but, in doing so, has gone beyond the powers granted it by such rules.[1] Therefore, its judgment must be

REVERSED.

CLARK, Chief Judge, dissenting:

I respectfully dissent.

In our prior opinion we affirmed the district court's judgment just as written and expressly rejected the changes sought by both the Bank and Trahan. The decisional language of our opinion was as follows:

[*Succession of Gragard*, 106 La. 298, 30 So. 885 (1901)] certainly demonstrates

that Louisiana courts have not felt compelled in every situation to calculate damages for conversion strictly according to the traditional formula.

[T]he unique circumstances of some transactions may call for the value of converted property to be fixed at some time other than the date of conversion. Upon investigation of Louisiana law, we cannot say that Judge Stagg was clearly wrong in his interpretation. We reject the Bank's argument that the court was obligated to fix damages at the value of the stock at the time of conversion.

Trahan maintains that he should as a matter of law have received the highest value reached by the stock between the date of conversion and the date of judgment.... We see no reason to compel the imposition of the measure of damages which he seeks.

The trial court levied a damage award which was proper under Louisiana law.

690 F.2d at 468.

When our mandate was returned, the district court *applied* the judgment exactly as that court had intended that it operate. The judgment, as affirmed by this court, required the tender by the Bank of 15,000 shares of TIPCO stock to Trahan "*within 30 days of the date of the judgment.*" 690 F.2d at 466 (emphasis supplied). The bank, without performing within or seeking relief from this time limit on performance, appealed. Thus, the Bank assumed the full burden of any price movement in the stock during the appeal. When the appeal process was completed and the mandate got back to the district court, that court was required to enforce the judgment as originally entered. Since the 30-day period fixed for performance had long ago passed, the court required the Bank to pay the present value of the original limited time delivery. In the unique posture of this unique case, that was the only way the original judgment could now be enforced. The majority's contention that the district

---

1. Our disposition renders it unnecessary for us to discuss the effect of our former mandate or such doctrines as law of the case.

court modified or altered or amended the substantive relief not only, as the majority concedes, deprives Trahan of substantial justice, it is wrong.

During the pendency of the prior appeal and well after the 30-day deadline and after the stock considerably declined in value, the Bank procured 15,000 shares of TIPCO stock and tendered it into the registry of the district court in full satisfaction of the judgment. The district court allowed the tender motion to be filed but, for lack of jurisdiction, refused to act on it and forwarded it to this court so it would be a part of the record on appeal. This court did not grant the motion. The correctness of the district court's action is at least corroborated, if not confirmed, by the Bank's post-judgment activities and this court's inaction. Surely, if time was not of the essence we would, upon noting the belated tender, have dismissed the appeal as moot.

Our non-action on the Bank's tender motion, Louisiana law as construed by our prior mandate, the deference we owe to the judge who wrote the judgment in its applications, and substantial justice all require affirmance.