J.C. TRAHAN, Plaintiff-Appellant,

v.

The FIRST NATIONAL BANK OF RUSTON, Defendant-Appellee.

No. 84–4333

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1984.

Pugh & Pugh, Robert G. Pugh, Robert G. Pugh, Jr., Shreveport, La., James R. Coley, Jr., Trenton, N.J., for plaintiff-appellant.

Hudson, Potts & Bernstein, W. Craig Henry, Monroe, La., for defendant-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

This case is on its third appeal to this Court. In this third appeal, plaintiff-appellant Trahan contends that the district court erred in denying him recovery under a supersedeas bond for the decline in value of stock awarded him following the original trial of this matter. We reject his contention and affirm the district court.

The facts presented here in the instant appeal center on the procedural history of this case. For a fuller exposition of the facts, the reader is directed to *Trahan v. First National Bank of Ruston*, 690 F.2d 466 (5th Cir.1982) (*Trahan I*), and *Trahan v. First National Bank of Ruston*, 720 F.2d 832 (5th Cir.1983) (*Trahan II*).

In the original trial of this matter, the district court held the defendant-appellee First National Bank of Ruston (the "Bank") liable for the conversion of 15,000 shares of pledged corporate stock. The district court directed the Bank to procure and to deliver to plaintiff Trahan a like amount of 15,000 shares within thirty days of the date of judgment. The Bank then suspended execution of the district court's judgment by filing a supersedeas bond. *See* Fed.R.Civ.P. 62(d). At the time of the

district court's judgment, the value of the pledge corporate stock was $30.00 per share. This Court affirmed the district court judgment. *See Trahan I.*

Within five days of this Court's decision and the issuance of the mandate in *Trahan I*, the Bank moved the district court for authorization to deposit 15,000 shares into the district court registry to comply with the judgment. By this time, however, the value of the stock had fallen to $8.00 a share. Trahan then filed a cross motion with the district court seeking to receive instead the value of the stock as of the date of the former district court judgment—an amount some $300,000 greater than the value of the stock tendered by the Bank. After hearing these motions, the district court amended its judgment because the district court believed that "mere tender of 15,000 shares would be a windfall to the bank." Based on reasoning that the bank's failure to tender delivery of these shares within thirty days following the date of the district court judgment resulted in additional injury to plaintiff Trahan, the district court modified its original judgment in order to compensate Trahan for the decline in the stock's value by ordering that the Bank pay Trahan 15,000 shares of the corporate stock *and* the difference in the stock's value between the date of judgment and the average of the stock's closing price during the thirty-day period. On the second appeal to this Court, this Court reversed the district court. This Court held that the district court was without power to modify its judgment in order to require payment of both stock and the decline in value. *See Trahan II.*

On the case's third trip to the district court, plaintiff Trahan asked the district court to award damages out of the supersedeas bond, which had been initially provided by the defendant Bank to stay the district court's original judgment in anticipation of *Trahan I*. Trahan argued to the district court and contends here that he may recover on the supersedeas bond for the decline in the stock's value during the pendency of that first appeal of *Trahan I*. The district court rejected this argument, holding that this Court impliedly rejected such a recovery in *Trahan II*.

The district court did not err.[1] The plain effect of this Court's decision in *Trahan II* was that Trahan could recover the stock itself and not the decline in value. Thus, Trahan's attempt to circumvent our previous holding must be denied. Further, in its opinion following *Trahan I*, the district court, in permitting modification of the district court's original judgment, pointed out that the supersedeas bond assured Trahan recovery of the decline of the stock's value:

> [T]his Court approved the entry of a supersedeas bond in the amount of $500,-000 on March 12, 1982.... Thus, one of the purposes of the bond is to protect the plaintiff against the very situation presented here....

In *Trahan II*, this Court's opinion literally considered only the district court's ruling on the effect of modification of the judgment. *See* Fed.R.Civ.P. 60(a). Nonetheless, by holding that plaintiff could recover only the stock itself under the district court's original judgment, this Court in *Trahan II* impliedly rejected the district court's statement (i.e., the one quoted directly above) that Trahan could recover the decline in the stock's value, if necessary, under the supersedeas bond. Finally, the district court noted that plaintiff Trahan made a similar argument to the one now presented to the appellate court in plaintiff's petition for rehearing following *Trahan II*. The application for that rehearing was denied. *See Trahan II.* Thus, the law of the case governs.

Accordingly, the judgment of the district court refusing plaintiff the requested recovery on the supersedeas bond is

AFFIRMED.

---

1. We do not consider whether the Federal Rules of Civil Procedure permit a recovery for the decline in the value of stock during the pendency of an appeal outside the unique circumstances presented here.