Eulala SHUTE and Russel
Shute, Plaintiffs,

v.

CARNIVAL CRUISE LINES,
INC., Defendant.

No. 91–2639–CIV.

United States District Court,
S.D. Florida.

Aug. 14, 1992.

Thomas Backmeyer, Hoppe, Backmeyer & Stokes, P.A., Miami, Fla., for plaintiffs.

John Hickey, Hickey & Jones, P.A., Miami, Fla., for defendant.

## ORDER OF DISMISSAL

MARCUS, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss. The United States District Court for the Western District of Washington (the "Washington district court") transferred this case to the Southern District of Florida by Order dated October 3, 1991. *See* Order, No. C86–1204D (W.D.Wash. Oct. 3, 1991). Defendant moves to dismiss, primarily on the grounds that the Ninth Circuit's orders affirming a prior order of dismissal disposed of this case. This Court heard oral argument on Defendant's motion and directed supplemental briefing as to the power of the Washington district court to modify its judgment. In view of the Ninth Circuit's mandate, we are constrained to find that this Court lacks the power to resuscitate this case and we are without power to hear it; accordingly, Defendant's motion to dismiss must be GRANTED.

The extensive procedural history of this case provides the backdrop from which the motion to dismiss arises. This suit in admiralty, which alleges that Eulala Shute suffered various personal injuries as a result of Defendant's negligence, was filed in the Western District of Washington in August 1986. Defendant moved for summary judgment on two grounds: (1) that the

district court lacked personal jurisdiction over the Defendant, and (2) that the forum selection clause in the passenger ticket contract required that any suit against Defendant be brought in Florida. *See* Order, No. C86–1204D (W.D.Wash. June 25, 1987). In the alternative, Defendant moved to transfer the case to the district court in Florida based upon the forum selection clause. *Id.* The district court characterized Defendant's motion as one for "summary judgment dismissal," and granted the motion based upon lack of in personam jurisdiction over the Defendant. The district court did not reach the question of the forum selection clause.

Plaintiffs appealed to the Ninth Circuit Court of Appeals, which found that personal jurisdiction over the Defendant existed, and held that the forum selection clause was unenforceable. *See Shute v. Carnival Cruise Lines, Inc.*, 863 F.2d 1437 (9th Cir. 1988), *withdrawn*, 872 F.2d 930 (9th Cir. 1989). The Court of Appeals subsequently withdrew its opinion, and certified the personal jurisdiction issue to the Washington Supreme Court. *Shute v. Carnival Cruise Lines, Inc.*, 872 F.2d 930 (9th Cir.1989). The Washington Supreme Court, in turn, held that jurisdiction over Defendant existed under Washington's long arm statute, *see Shute v. Carnival Cruise Lines, Inc.*, 113 Wash.2d 763, 783 P.2d 78 (1989), and the Ninth Circuit reissued its opinion. *Shute v. Carnival Cruise Lines, Inc. v. Shute*, 897 F.2d 377 (9th Cir.1990), *rev'd*, — U.S. —, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

Defendant then petitioned for and was granted certiorari to the United States Supreme Court. — U.S. —, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990). The Supreme Court reversed the Ninth Circuit, holding that the forum selection clause was valid and enforceable. *Carnival Cruise Lines, Inc. v. Shute*, — U.S. —, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The Supreme Court did not address the issue of personal jurisdiction. *Id.* The Supreme Court remanded to the Ninth Circuit, which entered two orders on June 10, 1991. One Order stated as follows:

The judgment of the district court is affirmed for the reasons set forth in *Carnival Cruise Lines, Inc. v. Shute*, — U.S. —, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

*Shute v. Carnival Cruise Lines, Inc.*, 934 F.2d 1091. The second order stated:

APPEAL FROM the United States District Court for the Western District of Washington (Seattle).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Western District of Washington (Seattle) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

934 F.2d 1091 (9th Cir.1991). The mandate of the Court was issued August 7, 1991. Notably, the Ninth Circuit did not remand the case to the district court, but rather affirmed the judgment of that court. The judgment affirmed, of course, was of "summary judgment dismissal," albeit on different grounds than prompted the district court to dismiss. Plaintiffs did not move the Ninth Circuit to revisit its orders of June 10, 1991.

Subsequently, on September 13, 1991, the Plaintiffs moved the district court to transfer the action to this district. Defendant objected to the motion to transfer, arguing that the case was dismissed, and that the district court lacked the power to transfer a case in which final judgment had been affirmed by the court of appeals. *See* Memorandum in Opposition to Motion for Change of Venue, Exhibit B to Plaintiffs' Opposition to Defendant's Motion to Dismiss, No. 91–2639–CIV–MARCUS (S.D.Fla. Apr. 27, 1992). The district court rejected Defendant's argument, and transferred the case to this district. *See* Order, No. C86–1204D (W.D.Wash. Oct. 3, 1991).

Once the case was transferred here, Defendant moved to dismiss, essentially renewing its argument that the district court in Washington lacked the power to transfer the case to this district, and suggesting

that this court likewise lacks jurisdiction to entertain the lawsuit. Plaintiffs have responded to the motion, arguing that a transferee court should not properly revisit the propriety of the transfer, and that, at all events, the district court in Washington did have jurisdiction to effectuate the transfer. Because we conclude that the judgment of the Ninth Circuit ended this case, this case must be dismissed.

## I. Reconsideration of the Transfer Order

■ Generally speaking, an order of transfer should be examined by the transferee court only under the most compelling of circumstances. *See In re Cragar Indus., Inc.,* 706 F.2d 503, 505 (5th Cir.1983); *Stringfellow v. S.D. Warren Company v. Lape Indus. Fiberglass, Inc.,* No. 91–CV–644, 1991 WL 239993, at *1 (W.D.Mich. Oct. 15, 1991). Plaintiffs state that "the general rule, and apparently the universal rule, is that while a transferee court has the power to review an order of transfer, it should do so only under the most impelling and exceptional circumstances." Plaintiffs' Opposition to Defendant's Motion to Dismiss at 7. We observe that the Eleventh Circuit has not squarely addressed a transferee's court's power to consider whether a transferred case is properly before it. In *Roofing and Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 983 (11th Cir.1982) the Court of Appeals addressed a different question, and held that it did not have jurisdiction to review a transfer order entered by a district court of another circuit. *Id.* at 984–989. In so ruling, the Eleventh Circuit observed as follows:

> As the District of Columbia Circuit has said, when a case is transferred between circuits, "it is well established that a transferee court cannot directly review the transfer order itself". Although the Second and Ninth circuits have expressed a contrary view, ... we know of no case in which either circuit, or any other, has in fact reviewed a transfer order issued by a district court in another circuit.

*Id.* at 986 (citations omitted) (footnotes omitted) (quoting *Starnes v. McGuire,* 512 F.2d 918, 924 (D.C.Cir.1974) (en banc)).

The Tenth Circuit has recently written as follows:

> An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered. Once transferred the action retains its procedural identity. The transferee court's powers are coextensive with those of the transferor court; it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place.
>
> [T]raditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order. Nevertheless,
>
>> law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.... Law of the case directs a court's discretion, it does not limit the tribunal's power.
>
> *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983) (citations omitted). A prior ruling of a transferor court therefore may be reconsidered when the governing law has been changed by the subsequent decision of a higher court, when new evidence becomes available, when clear error has been committed or to prevent manifest injustice.

*Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1517 (10th Cir. 1991) (citations omitted). *See Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 169–170 (3d Cir.1982) ("In applying law of the case principles to transfer decisions, we are not entirely removing the question of the propriety of the transfer order from the transferee court."). As the Supreme Court wrote in *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988):

[T]he law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson,* 225 U.S. 436, 444 [, 32 S.Ct. 739, 740, 56 L.Ed. 1152] (Holmes, J.) (citations omitted). A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Arizona v. California,* [460 U.S. 605, 618 n. 8 [, 103 S.Ct. 1382, 1391 n. 8, 75 L.Ed.2d 318] (1983) (citations omitted) ] Thus, even if the Seventh Circuit's decision [transferring case to the Federal Circuit] was law of the case, the Federal Circuit did not exceed its power in revisiting the jurisdictional issue, and once it concluded that the prior decision was "clearly wrong" it was obliged to decline jurisdiction.

*Christianson,* 486 U.S. at 817, 108 S.Ct. at 2178.

■ A primary concern is that transferee courts that do not respect a transferor court's determination that transfer is appropriate "threaten to send litigants into a vicious circle of litigation," *Christianson,* 486 U.S. at 817, 108 S.Ct. at 2178, and that "jurisdictional ping-pong" will result from the reconsideration of orders of transfer, *see Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 81, 116 L.Ed.2d 54 (1990). Here, Defendant does not contend that the case should properly be retransferred to Washington, and we do not reconsider the transferor court's conclusion that transfer would be more appropriate than dismissal. Rather, we find that we lack the power to resuscitate the case in light of the Ninth Circuit's judgment and mandate.

The district court, in ruling on the initial motion for summary judgment, and after finding a lack of personal jurisdiction, could have transferred the case to Florida rather than dismiss. *See Cote v. Wadel,* 796 F.2d 981, 984–85 (7th Cir.1986) ("[U]nder 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants."); *Dubin v. United States,* 380 F.2d 813, 815 (5th Cir.1967). Instead, the district court dismissed the case. That dismissal was ultimately affirmed in the Ninth Circuit's June 10, 1991 orders. Though we have been unable to find a case directly on point, in *Trahan v. First Nat'l Bank of Ruston,* 720 F.2d 832 (5th Cir.1983) the Fifth Circuit considered whether the district court had the power to modify its judgment after that judgment had been affirmed. The Fifth Circuit framed the issue on appeal as "whether, after our affirmance of the trial court's judgment, that court was empowered to modify the judgment is such a manner as to alter the substantive relief granted by it." *Id.* at 832. The Court analyzed the question in these terms:

In formulating its original judgment, the trial court had a choice between two modes of relief: an award of damages measured by the value of the converted stock on some reasonable date after conversion or return of the stock. It chose the latter. After its judgment was affirmed, it sought to revert to a version of the former. We search without success for any provision of rule or law empowering it to do so.

*Id.* at 833.[1] In the instant case, the relief granted by the district court, dismissal, was affirmed; transferring the case thus impermissibly modifies the judgment affirmed, and improperly resurrects a case the Ninth Circuit declared deceased.

■ Plaintiffs argue that under Rule 60(b)(6)[2] of the Federal Rules of Civil Pro-

---

1. The dissent in *Trahan* did not suggest that the district court had unbridled discretion to revise its judgments after affirmation. Rather, the dissent felt that due to a variety of circumstances, the modification of the judgment attempted by the district court conformed to the intent of the appellate court's mandate.

2. Rule 60(b) provides as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

cedure, the Washington district court had the power to modify its judgment once the circuit court had ruled, and that, in essence, is what it did. It is clear that under certain circumstances relief may be granted under Rule 60(b) even after an appellate court has issued its mandate. *See, e.g. LSLJ Partnership v. Frito–Lay, Inc.*, 920 F.2d 476, 478–79 (7th Cir.1990); *Ritter v. Smith*, 811 F.2d 1398, 1403–04 (11th Cir.), *cert. denied*, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). The record before us, however, is devoid of any suggestion that the Washington district court acted pursuant to its powers under Rule 60(b)(6) or that Plaintiffs moved for such relief. "Rule 60(b)(6) is an extraordinary remedy...." *Ritter v. Smith*, 811 F.2d at 1400. "The mandate of an appellate court to a district court must be scrupulously adhered to by the district court on remand as the law of the case in all but the most extraordinary of situations." *Id.* at 1404. The Washington district court did not purport to modify its judgment of dismissal, and did not cite Rule 60(b) in it order of transfer. Significantly, that court did not specify such "extraordinary" circumstances as would justify Rule 60(b)(6) relief.

In addition, Plaintiffs' did not move to modify the judgment of dismissal pursuant to Rule 60(b), and, to the contrary disclaimed that their motion was one to amend the judgment. *See* Plaintiffs' Reply to Opposition to Change of Venue, No. C86–1204D (W.D.Wash. Sept. 11, 1991), at 2 ("Even if this were a request that the court amend its judgment...."). Finally, though a judgment may be modified pursuant to Rule 60(b)(6) after affirmation on appeal, it is clear that a district court may not "flout[ ] the mandate" of the higher court. *See LSLJ Partnership*, 920 F.2d at 478, *Ritter*, 811 F.2d at 1404. Undoubtedly, the Circuit Court could have remanded for consideration of whether transfer or dismissal was appropriate. Instead, it affirmed the judgment of dismissal. We do not see how modification of the judgment of dismissal under the circumstances of this case could comport with the Ninth Circuit's mandate.

Though the result here is harsh, we believe it is compelled because we are without power to now hear this case. We add that Plaintiffs could have taken various steps to protect the viability of their action. First, upon receipt of the motion requesting transfer or dismissal, Plaintiffs could have dismissed their suit and filed in this district, where venue and jurisdiction properly lay, or consented to the motion to transfer. Second, Plaintiffs could have filed a protective suit in this district. *See Cote*, 796 F.2d at 985 ("Elementary prudence would have indicated to her lawyer that he must file a protective suit in Michigan...."). Third, Plaintiffs could have petitioned the Ninth Circuit to reconsider its ruling. *See* Fed. R.App.P. 40 ("A petition for rehearing may be filed within 14 days after entry of judgment unless the time is shortened or enlarged by order or by local rule."); 9th Cir.R. 40 (retaining 14 day period); Fed. R.App.P. 41 ("The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court."). Instead, Plaintiffs allowed the entry of the Ninth Circuit's judgment and issuance of the mandate to occur without seeking reconsideration. It appears that any of these steps may have preserved Plaintiffs' claim, and allowed it to proceed to resolution on the merits.

In sum, because the dismissal of this case was affirmed by the Ninth Circuit, and because the judgment of dismissal was not and could not, consistent with the mandate of the Ninth Circuit, be modified to resurrect the case, Defendant's motion to dismiss must be and is GRANTED.

---

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Defendant's Motion to Compel·Plaintiff's Attendance at Deposition is DENIED AS MOOT.

DONE AND ORDERED.