Jimmy Ray WARNER, III, a minor, by and through his mother and next friend, Mrs. June Ruiz Wortmann, Plaintiff-Appellee Cross Appellant,

v.

The CITY OF BAY ST. LOUIS, Defendant-Appellant Cross Appellee.

No. 75–3852.

United States Court of Appeals, Fifth Circuit.

May 18, 1977.

Rehearing and Rehearing En Banc Denied Aug. 18, 1977.

George E. Morse, Gulfport, Miss., Walter J. Phillips, Bay St. Louis, Miss., for defendant-appellant cross-appellee.

John L. Hunter, Pascagoula, Miss., for plaintiff-appellee cross-appellant.

Before WISDOM and GEE, Circuit Judges, and BOOTLE *, District Judge.

PER CURIAM:

In this diversity negligence action, the City of Bay St. Louis, Mississippi, appeals from the district court's judgment finding the city liable to James Ray Warner, III, for $375,000. The city contends both that the court erred in imposing liability upon it and that the award is excessive. The plaintiff cross-appeals the court's determination that his behavior constituted contributory negligence 50 percent responsible for his injuries. This finding caused the court to reduce the plaintiff's award from $750,000 to $375,000. Because we find all these contentions to be without merit, we affirm the district court's judgment.

On July 4, 1969, Warner, then sixteen years old, became a quadriplegic as a result of a dive from a municipal pier in Bay St. Louis. Before the dive that caused his severe injuries, Warner, who was swimming with a friend and her younger brother, had successfully dived off the pier from a spot about 200 feet closer to shore than the point on the pier from which he executed his fateful dive. His friend's younger brother had executed a successful dive from the very spot on the pier Warner dived from when he was injured. The crux of Warner's negligence action is that the pier was owned and under the control of the city, and that the city was negligent in failing to

* Senior District Judge of the Middle District of Georgia sitting by designation.

warn swimmers of the danger posed by diving off the pier into the shallow water surrounding it.

The district court found that although the city had granted the Bay St. Louis Jaycees both permission and funds to repair the damage wrought on the pier by Hurricane Betsy, the city still owned and controlled the pier, and had a non-delegable duty to maintain the pier in a reasonably safe condition. The court determined that the city breached this duty by failing, for at least a month before Warner's accident, to post signs warning of the danger of diving from the pier, despite the fact that the city knew of this danger from past experience. The court rejected the city's contention that Warner voluntarily assumed the risk of his injurious dive, but did find "that the plaintiff's diving into the water under the circumstances, although he had dived twice previously closer to shore without injuring himself, constituted negligence on his part which proximately contributed 50 percent to cause his injuries". On the basis of this finding, the district judge reduced by half, to $375,000, the $750,000 award to which Warner would have been entitled had he not been contributorily negligent to the extent of 50 percent. Such a reduction was warranted under Mississippi's comparative negligence law, Miss.Code Ann. § 11–7–15.

The city raises a number of objections—nine in all—to holding it liable. Other than its contention that Warner was contributorily negligent, none of these objections is sufficiently meritorious to justify discussion.

■ The city argues that Warner's contributory negligence was the sole cause of his injury while Warner asserts that he was not contributorily negligent at all, and that his judgment should be restored to the full $750,000 amount. The city stresses that Warner must have known of the water's shallowness because he had been swimming and diving in it for at least a half hour before his accident. The city further asserts that Warner's dive violated a municipal ordinance prohibiting diving from the pier, and thus constituted contributory neg-

ligence per se. Warner counters that rather than putting him on notice of the hazard of diving from the pier, his two earlier dives tended to assure him of the safety of diving, especially since his final dive was from a point 200 feet further from the shore than his first two dives. He contends that where a minor is involved, violation of a statute or regulation is merely one factor to consider in assessing whether a plaintiff was contributorily negligent.

It is unclear under Mississippi law whether a sixteen year old plaintiff is held to an adult standard of care or to a standard of care graduated to age, capacity, and experience, and measured by that which is expected of a reasonably prudent youth of like years and capacity in similar circumstances. Because the district court's judgment can be sustained under either standard, we find it unnecessary to decide this question of state law. If Warner is held to an adult standard of care, his violation of the municipal ordinance was contributory negligence per se, or at least created a presumption of contributory negligence. Under Mississippi's comparative negligence law, however, which reduces a plaintiff's recovery in proportion to the extent his negligence contributed to his injuries, Warner's violation of the ordinance would not totally bar him from recovering for his injuries. Given Warner's two successful dives from another point on the pier, and the successful dive by his friend's brother from the precise spot Warner dived when he was injured, we cannot say that Warner's negligence—even if he is held to an adult standard of care— was necessarily *more* than 50 percent of the cause of his injuries. On the other hand, if Warner is held only to a relative standard of care, we are still unable to say that he was necessarily *less* than 50 percent responsible for his accident. At the time of his injury, Warner was a mature sixteen-year-old who had quit school to work in the construction business. His mother testified that he was "a pretty intelligent child". As a result of his swimming and diving activities before his final dive, Warner undoubtedly knew or should have known that the

water surrounding the pier was shallow and that diving would be dangerous. Although he may have assumed that the water farther from shore was deeper than that near the shore, the district court could properly have concluded that a reasonably prudent sixteen-year-old person of Warner's experience, maturity, and intelligence would have checked the depth of the water before diving into it. In short, the district court's finding that Warner's actions constituted contributory negligence that was 50 percent responsible for his injuries was not "clearly erroneous". Indeed, it was eminently reasonable regardless of the standard of care to which Warner is held. *See Dendy v. City of Pascagoula,* Miss. 1967, 193 So.2d 559.

The city also contends that the damages awarded to Warner by the district court are excessive. The court made the following findings as to the extent of Warner's injuries:

> As a result of his injuries sustained on July 4, 1969, Jimmy Warner is now a quadriplegic confined to bed, unable to care for himself and requiring 24 hour nursing service which is being rendered by his mother who is a nurse's aide, and his grandmother. A nurse's aid has been recently furnished by the Department of Welfare in New Orleans. Jimmy is completely paralyzed from the chest down with no sexual function or control of his bowels or bladder and with a tube and sac permanently implanted to permit him to urinate. In addition, he has practically no use whatsoever of his right arm and hand and very limited use of his left hand and arm. His only source of income is $146.00 per month, and it has been necessary for his mother to work in order to earn a living, inasmuch as his father, who is divorced from his mother, does not contribute to his support. Mrs. Wortmann has sold all of her furniture and clothes to help care for the plaintiff and when able to sleep, does so in a chair near his bed.

In cases where a defendant's actions have rendered a plaintiff a quadriplegic, federal courts have approved verdicts in excess of the $750,000 judgment initially awarded Warner, *Griffin v. United States,* E.D.Pa. 1972, 351 F.Supp. 10, 36–37, *affirmed,* 3 Cir. 1974, 500 F.2d 1059, 1070–71 ($1,200,000), and greater than the ultimately reduced judgment of $375,000, *Caporossi v. Atlantic City,* D.N.J.1963, 220 F.Supp. 508, 525–26, *affirmed,* 3 Cir. 1964, 328 F.2d 620 ($600,-000). Given the severity of Warner's injuries, the district court did not abuse its discretion in ultimately awarding him $375,-000 in damages. The judgment below is, in all respects, AFFIRMED.