784 F.2d 665
 54 USLW 2484, 4 Fed.R.Serv.3d 1
 HARCON BARGE CO., INC., Plaintiff-Appellee,
v.
D & G BOAT RENTALS, INC., Defendant Third-Party Plaintiff-Appellant,
and
M/V CHARLES D, Defendant-Appellee, Cross-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION CO., Third-Party Defendant,
Appellant-Cross-Appellee.
SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,
v.
M/V I.C. HOSKINS, Her Engines, Boilers, Tackle, Etc., In
Rem, Defendant-Appellee.
SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,
v.
M/V IBERVILLE, Her Engines, Boilers, Tackle, Etc., In Rem,
et al., Defendants-Appellees.
SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,
Cross-Appellee,
v.
M/V CHARLES D, Her Engines, Boilers, Tackle, Etc., In Rem,
and D & G Boat Rentals, Inc.,
Defendants-Appellees, Cross-Appellants.
SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,
Cross-Appellee,
v.
M/V MARION HAGESTAD, et al., Defendants-Appellees, Cross-Appellants.
 No. 82-4584.
 United States Court of Appeals,
Fifth Circuit.
 March 12, 1986.
 
 Lawrence J. Ernst, Christovich & Kearney, J. Warren Gardner, Jr., New Orleans, La., for Southern Pacific Transp. Co.
 
 
 1
 Larry S. Craig, Civil Div., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for M/V Iberville, et al.
 
 
 2
 Cliffe E. Laborde, III, Lafayette, La., for Tidewater Venice.
 
 
 3
 Robert McCleskey, New Orleans, La., for M/V I.C. Hoskins and Smith Corp.
 
 
 4
 Donald King, New Orleans, La., for Marion Haagastad and King-Carol Barge Co.
 
 
 5
 Spivey Gault, Greenville, Miss., for M/V Charles D and Harcon Barge.
 
 
 6
 W. Gerald Gaudet, Lafayette, La., for D & G Boat Rentals.
 
 
 7
 Appeals from the United States District Court for the Western District of Louisiana.
 
 
 8
 Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL, and JONES, Circuit Judges.*
 
 OPINION
 ALVIN B. RUBIN and TATE, Circuit Judges:
 
 9
 Rule 59 of the Federal Rules of Civil Procedure requires that a motion to alter or amend a district court judgment must be served within ten days from the entry of judgment. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides than an appeal is premature if taken before the disposition of a timely-served motion to amend the district court's judgment, filed under Rule 59. Rule 4 does not apply in express terms to a motion filed under Rule 60(a) of the Federal Rules of Civil Procedure pursuant to which a motion may be filed in the district court to correct clerical mistakes at any time, or under Rule 60(b) to seek relief from a judgment that is erroneous for other stated reasons, which may be filed within a reasonable time after entry of judgment. A motion filed under Rule 60 does not, therefore, nullify a previously filed notice of appeal.
 
 
 10
 In determining whether this court has jurisdiction of an appeal, two of our panels have differed in their characterization of a post-judgment motion to amend the district court's judgment filed within ten days after entry of the judgment. In Harcon Barge Co. v. D & G Boat Rentals, Inc.,[1] the panel held that a post-judgment motion to amend (described as such by the moving parties who sought to avoid the taxing of costs against them), timely served within the ten-day limit in Fed.R.Civ.P. 59(e), was a Rule 59(e) motion and had the effect under Fed.R.App.P. 4(a)(4) of nullifying a previously filed notice of appeal. The panel concluded that it lacked jurisdiction and dismissed the appeal.[2] On the other hand, in Willie v. Continental Oil Co.[3] the panel characterized a motion to amend the judgment to conform to pretrial stipulations, served within the ten-day limit, not as a Rule 59(e) motion but as a Rule 60(b)(1) motion. The panel concluded that, under Fed.R.App.P. 4(a)(4), the notice of appeal filed before the motion to amend (which it characterized as filed under Rule 60(b)(1)) remained valid and divested the district court of jurisdiction. To resolve that conflict, this court ordered rehearing en banc in Harcon Barge, as to Part III of that opinion,[4] and in Willie.[5]
 
 
 11
 If Fed.R.App.P. 4 did not apply to any Rule 60 motion, its effect would be drastically curtailed, for Rule 60(b)(6) permits the filing of a motion for "any other reason justifying relief from the operation of the judgment." We hold that Rule 4 was not intended to apply to motions to correct purely clerical errors, but it was intended to apply to all other timely motions to amend a judgment served within ten days of the judgment, even though some such motions might also be considered timely by the district court if filed at a later date. Accordingly, we hold that any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed.R.App.P. 4(a)(4). If, on the other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the ten-day limit, then Rule 60(b) governs its timeliness and effect. A bright-line rule is essential to carry out the very purpose of the 1979 amendment to Rule 4(a)(4) and to avoid wasteful confusion over the status of a previously filed notice of appeal.
 
 I.
 
 12
 We detail only those facts necessary for this rehearing.[6] A single judgment was rendered in the five consolidated actions involved at trial. On the same day a notice of appeal was timely filed by one party, opposing parties filed, and then timely served, a "Motion to Amend Judgment" seeking to have the judgment amended to relieve the moving defendants from liability for costs. The basis for the costs motion was that these parties had made an offer of judgment in an amount greater than that actually awarded by the judgment and the contention that, under Fed.R.Civ.P. 68, they were entitled to be relieved from bearing any costs incurred subsequent to their offer. The district court granted their motion and filed an amended judgment that exonerated the moving defendants from liability for the disputed costs. No further notice of appeal was filed after entry of the amended judgment. On appeal, a panel of this court held that the motion was one "to alter or amend the judgment" within the meaning of Fed.R.Civ.P. 59(e), and it nullified the previously filed notice of appeal. The failure of the appellants to file a later notice of appeal meant that there was no valid notice of appeal, and this court lacked jurisdiction. The panel therefore dismissed the appeal.
 
 II.
 
 13
 Fed.R.App.P. 4(a)(4) specifies several post-judgment motions, including those under Fed.R.Civ.P. 59, which must be disposed of before an effective notice of appeal can be filed. The rule provides that the time for filing a notice of appeal shall run from the entry of the order denying a new trial or granting or denying any of the other motions listed in Rule 4(a)(4). In addition, the rule specifies that a notice of appeal filed before the disposition of any of the listed motions shall have no effect, and a new notice of appeal must be filed within the designated time after disposition of those motions through entry of an order. A party failing to file a new notice of appeal loses its right to appeal.
 
 
 14
 In Griggs v. Provident Consumer Discount Co.,[7] the Supreme Court held that a court of appeals cannot waive the defect of prematurity of a notice of appeal filed before the entry of an order disposing of one of the motions listed in Rule 4(a)(4). Such a premature notice of appeal is a "nullity," and "it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act."[8]
 
 
 15
 Despite the harsh effect of the Griggs jurisdictional rule, this interpretation of Rule 4(a)(4) provides a bright-line test signaling lawyers when a new notice of appeal is needed. This virtue, however, can be turned to vice if the courts of appeals do not complement the Griggs rule with an equally bright-line rule distinguishing between those motions considered to be within the rules listed in Rule 4(a)(4), and nullifying previously filed notices of appeal, and those motions considered to be filed under other rules not listed in Rule 4(a)(4) and thus devoid of an effect on appellate jurisdiction. The two rules involved in the Harcon Barge and Willie cases are Rules 59(e) and Rule 60.
 
 A.
 
 16
 In the instant case, the moving defendants sought to amend the judgment of the district court as to the costs assessed to them. They styled their motion as one to amend or alter the judgment and they served it within ten days after the entry of the judgment. The motion sought relief available under Rule 59(e), did not seek merely to correct a clerical error in the judgment, and was served within that rule's time limits. Although the motion itself does not specify under which rule it was being brought, it nevertheless falls squarely within the province of Rule 59(e).
 
 
 17
 In Willie, the movants sought to change the court's judgment to reflect the terms of a pretrial stipulation regarding one of the parties' cross-claims. They styled their motion as a "Motion to Amend Judgment," but as in Harcon Barge, the motion itself did not state under which rule it was being brought. The Willie panel held that it was brought under Rule 60(b)(1), even though the motion was served within ten days after the entry of the disputed judgment.
 
 
 18
 It is patent that Rule 59(e) and Rule 60 provide overlapping relief.[9] Motions under Rule 59(e) must be filed and served within ten days, but those listed in Rule 60(a) and (b) may be filed at a later date. When the timeliness not of the motion itself but of a notice of appeal from the judgment is involved, a court is not, however, free to choose under which rule it prefers to consider the motion made. If a motion falls within the scope of Rule 59(e), and it is timely served within ten days after entry of judgment as that rule requires, then the court must consider it as a Rule 59(e) motion for the purposes of Fed.R.App.P. 4(a)(4), regardless of how it is styled. The only qualification to this rule is that, even when made within the ten-day period, so important to Rule 59(e), a motion seeking to correct purely clerical errors and mistakes is a Rule 60(a) motion and therefore it does not void a previously filed notice of appeal under Fed.R.App.P. 4(a)(4).
 
 
 19
 The scope of Rule 60(a) is, as we have noted, very limited. In Dura-Wood Treating Co., Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.,[10] the court set out these limits:
 
 
 20
 Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.... If of this sort, it matters not whether the magistrate committed it--as by mistakenly drafting his own judgment--or whether his clerk did so ... the law does not regard such trifles. In such instances the judgment can be corrected to speak the truth. (Citations omitted).
 
 
 21
 Thus, it is proper to use Rule 60(a) to correct a damages award that is incorrect because it is based on an erroneous mathematical computation, whether the error is made by the jury[11] or by the court.[12] "Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b)."[13] Correction of an error of "substantive judgment," therefore, is outside the reach of Rule 60(a).[14]
 
 
 22
 Three other circuits have analyzed the separate roles of Rule 59(e), to alter and amend the judgment, and Rule 60(a), to correct the court's clerical mistakes. In Miller v. Transamerican Press, Inc.,[15] the Ninth Circuit held that a court derives its power to correct clerical errors, such as the failure to memorialize part of a decision, from Rule 60(a) and not Rule 59(e). The Tenth Circuit took a similar view in St. Paul Fire & Marine Insurance Co. v. Continental Casualty Co.,[16] holding that "[m]otions seeking mere technical changes in the form of a judgment are not Rule 59(e) motions and do not toll the time for filing notice of appeal; rather, they are akin to Rule 60(a) motions to correct clerical errors in a judgment." Finally, the Third Circuit held in Hayden v. Scott Aviation, Inc.,[17] that correcting a failure to include non-discretionary pre-judgment interest is governed by Rule 60(a), not Rule 59(e).
 
 
 23
 While Rule 60(a), providing for the correction of clerical errors, limits the otherwise unrestricted scope of Rule 59(e), the same cannot be said of Rule 60(b). Rule 60(b) permits certain specifically described motions to be filed at a time later than ten days after entry of judgment. The rule allows relief from a judgment for a number of stated grounds but provides that a motion invoking the first three grounds must be made within a reasonable time not to exceed one year after entry of judgment.[18] Thus, while Rules 59(e) and 60(b) permit the same relief--a change in the judgment--Rule 60(b) extends the time within which relief can be sought. Rule 60(b) relief may be invoked, however, only for the causes specifically stated in the rule and, we hold, only after ten days following entry of judgment. If a motion is served within those ten days and may be characterized as a Rule 59(e) motion, it must be so treated, for Rule 4 of the Federal Rules of Appellate Procedure makes timing a fundamental consideration in classifying the motion as brought under Rule 59(e) or under Rule 60(b).
 
 B.
 
 24
 Professor Moore states that, "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label."[19] Virtually every circuit court has held that a motion that "calls into question the correctness of a judgment should be treated as a motion under Rule 59(e), however it is styled."[20] In Fischer v. United States Department of Justice,[21] another panel of this circuit recently noted general support for the principle. Although on several other occasions the Fifth Circuit has dealt with the issue of whether a motion to rehear, reconsider, or amend a judgment should be considered as one made under Rule 59(e) or under Rule 60, no definitive rule has developed.[22]
 
 
 25
 As the Advisory Committee has noted, the very purpose of amending Rule 4(a)(4) was to "make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion." In addition, the appellant "should file a new notice of appeal after the motion is disposed of."[23] Confusing the issue whether a post-judgment motion was one of the "specified post trial motions" would defeat this purpose. As the Seventh Circuit noted in Western Industries, Inc. v. Newcor Canada Ltd.,[24] "[p]ost-judgment motions filed within 10 days should where possible be construed as Rule 59(e) motions to avoid otherwise endless hassles over proper characterization."
 
 
 26
 Construing a motion as a Rule 60(b) motion in order to preserve an appeal would leave the timing of a notice of appeal uncertain and introduce several troubling problems to our intricate maze of rules for vesting appellate jurisdiction: (1) counsel for appellants would be forced to file uncertain seriatim notices of appeal to avoid loss of substantive rights; (2) a mistake by counsel as to this timing would cost their clients substantive rights; and (3) both counsel for appellants and appellees, as well as the court, would waste valuable time briefing, debating, and deciding this jurisdictional issue. It is of great importance to have "guides sufficiently clear to prevent protective appeals and litigation over appellate jurisdiction."[25] The bright-line rule established here prevents such needless waste, avoids the potential loss of litigants' substantive rights, and preserves the virtue of clarity sought by Fed.R.App.P. 4(a)(4).
 
 CONCLUSION
 
 27
 For the foregoing reasons, we dismiss the appeal of the appellant, Southern Pacific, who shall bear the costs.
 
 
 28
 APPEAL DISMISSED.
 
 
 
 *
 Judge RANDALL did not participate in this decision
 
 
 [1]
 746 F.2d 278, 288-90 (5th Cir.1984)
 
 
 [2]
 Id. at 289-90
 
 
 [3]
 746 F.2d 1041, 1044-45 (5th Cir.1984)
 
 
 [4]
 760 F.2d 86 (5th Cir.1985) (ordering rehearing en banc)
 
 
 [5]
 760 F.2d 87 (5th Cir.1985) (ordering rehearing en banc)
 
 
 [6]
 For a fuller factual background, refer to the panel opinion in Harcon Barge, 746 F.2d 278 (5th Cir.1984)
 
 
 [7]
 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)
 
 
 [8]
 459 U.S. at 61, 103 S.Ct. at 403
 
 
 [9]
 11 Wright and Miller, Federal Practice and Procedure, Sec. 2817 at 110-13 (1973)
 
 
 [10]
 694 F.2d 112, 114 (5th Cir.1982)
 
 
 [11]
 United States ex rel. Mississippi Road Supply Co. v. H.R. Morgan, Inc., 542 F.2d 262, 269 (5th Cir.1976), cert. denied, 434 U.S. 828, 98 S.Ct. 106, 54 L.Ed.2d 86 (1977)
 
 
 [12]
 Chavez v. Balesh, 704 F.2d 774, 776-77 (5th Cir.1983)
 
 
 [13]
 11 Wright and Miller, Federal Practice and Procedure, Sec. 2854 at 149 (1973)
 
 
 [14]
 Jones v. Anderson-Tully Co., 722 F.2d 211, 212 (5th Cir.1984); Trahan v. First National Bank of Ruston, 720 F.2d 832, 833-34 (5th Cir.1983), judgment of district court aff'd, 747 F.2d 990 (5th Cir.1984) (per curiam). See also, In re Galiardi, 745 F.2d 335, 337 (5th Cir.1984); Warner v. City of Bay St. Louis, 526 F.2d 1211, 1212 (5th Cir.1976), judgment of district court aff'd, 552 F.2d 583 (5th Cir.1977) (per curiam); West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702, 705 (5th Cir.1954)
 
 
 [15]
 709 F.2d 524, 527-28 (9th Cir.1983)
 
 
 [16]
 684 F.2d 691, 693 (10th Cir.1982)
 
 
 [17]
 684 F.2d 270, 271-72 (3d Cir.1982)
 
 
 [18]
 Fed.R.Civ.P. 60(b)
 
 
 [19]
 9 Moore's Federal Practice p 204.12 at 4-67 (1985). See also id. p 204.12 at 4-69 (1985)
 
 
 [20]
 Dove v. Codesco, 569 F.2d 807, 809 (4th Cir.1978). Accord Cosgrove v. Smith, 697 F.2d 1125, 1127-28 (D.C.Cir.1983); Foman v. Davis, 292 F.2d 85, 87 (1st Cir.1961), rev'd on other grounds, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir.1982); Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir.1985); Western Industries, Inc. v. Newcor Canada Ltd., 709 F.2d 16, 17 (7th Cir.1983) (per curiam); Seshachalam v. Creighton University School of Medicine, 545 F.2d 1147, 1147 (8th Cir.1976), cert. denied, 433 U.S. 909, 97 S.Ct. 2974, 53 L.Ed.2d 1093 (1977); Sea Ranch Association v. California Coastal Zone Conservation Commissions, 537 F.2d 1058, 1061 (9th Cir.1976), but see United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043 (9th Cir.1984); Miller v. Leavenworth-Jefferson Electric Cooperative, Inc., 653 F.2d 1378, 1380 (10th Cir.1981)
 
 
 [21]
 759 F.2d 461, 464 & n. 4 (5th Cir.1985) (per curiam) (noting conflict between Harcon Barge and Willie )
 
 
 [22]
 See Fabian v. Reed, 707 F.2d 147, 148 n. 1 (5th Cir.1983), certificate denied and appeal dismissed, 714 F.2d 39 (5th Cir.1983) (per curiam); Lapeyrouse v. Texaco, Inc., 670 F.2d 503, 583-84 (5th Cir.1982); Woodham v. American Cystoscope Co. of Pelham, N.Y., 335 F.2d 551, 554-55 (5th Cir.1964); Southern States Equipment Corp. v. USCO Power Equipment Corp., 209 F.2d 111, 116-17 (5th Cir.1953)
 
 
 [23]
 Fed.R.App.P. 4(a)(4) Advisory Committee note to 1979 amendment
 
 
 [24]
 709 F.2d at 17
 
 
 [25]
 15 Wright, Miller & Cooper, Federal Practice & Procedure, Sec. 3913 at 523 (1976)