IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20648
Conference Calendar
_____

BOBBY JAMES GANN,

Petitioner-Appellant,

versus

GARY L. JOHNSON,
Director, Texas Dep't
of Criminal Justice,
Institutional Division,

Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-80
- - - - - - - - - - -
April 16, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

We previously determined that Gann's notice of appeal from
the order denying his 28 U.S.C. § 2254 petition was timely only
if Gann had filed a timely Fed. R. Civ. P. 59(e) motion, which
would have delayed the effective filing date of Gann's notice of
appeal.  See Fed. R. App. P. 4(a)(4)(C).

_____

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

The court remanded the case to the district court to determine whether a postjudment motion filed by Gann was deposited in the prison mailing system within ten days of entry of judgment, which would have rendered the motion a timely filed Rule 59(e) motion.  See Gann v. Johnson, No. 96-20648 (5th Cir. Nov. 11, 1996); Fed. R. App. P. 4(c).

The district court determined that Gann's motion was not deposited in the prison mailing system within ten days of entry of judgment based on the affidavit of the prison official who is the custodian of the prison's mail records.  Gann concedes that he did not deposit the postjudment motion for mailing within ten days of the entry of judgment.  Therefore, Gann's postjudment motion was not a Rule 59(e) motion which extended the time to file an effective notice of appeal.  Gann's notice of appeal filed on June 28, 1996, was not timely and, thus, this court lacks jurisdiction to address this appeal.

Gann's postjudment motion must be construed as a Fed. R. Civ. P. 60(b) motion.  See Harcon Barge Co. v. D & G Boat Rentals 784 F.2d 665, 667 (5th Cir. 1986) (en banc).  Gann has not evinced an intent to appeal from the denial of the Rule 60(b) motion.  Gann has not filed a new or an amended notice of appeal from the order denying the Rule 60(b) motion.

The appeal is DISMISSED for lack of jurisdiction.