IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60475
Summary Calendar
_____

ROBERT SAMUEL SCRUGGS,

                                        Plaintiff-Appellant,

versus

JERRY HOWIE; MARK PITTNER; JEFF JACKSON;
EARL HAKAS; THE MISSISSIPPI HIGHWAY PATROL
DEPARTMENT; JOHN DOE, of the Booneville
Sheriff's Department,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:90-CV-107-B-D
---------------------
March 21, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART Circuit Judges.

PER CURIAM:*

     Robert Scruggs (Mississippi prisoner #79644) appeals the district court's denial of his "Motion for Records and Dismissing Final Judgment Order" following the dismissal of his civil rights suit without prejudice for want of prosecution. The district court construed Scruggs' postjudgment motion as a motion for reconsideration and denied relief. The district court noted that four different mailings to Scruggs' address had been returned as

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undeliverable and that Scruggs had failed to explain his whereabouts during that time period or to make any claim that he had notified the court of a change of address.

Scruggs' postjudgment motion, which sought reconsideration of the district court's final judgment and which was filed more than ten days after the entry of that judgment, is properly treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986)(en banc). After reviewing the record and the briefs of the parties, we hold that the district court did not abuse its discretion in denying Rule 60(b) relief. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). Accordingly, the district court's denial of Rule 60(b) relief is AFFIRMED. Moreover, because Scruggs has not shown a usurpation of judicial power or a clear abuse of discretion on the part of the district court, his petition for a writ of mandamus is DENIED. See Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 218 (5th Cir.), cert. denied, 119 S. Ct. 620 (1998).

PETITION DENIED; AFFIRMED.