**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-10183

(Summary Calendar)
_____


CECIL CLAYTON JONES, JR,

Plaintiff - Appellant,

versus


GARY JOHNSON; JANIE COCKRELL; JOSEPH KEITH PRICE,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 2:01-CV-334
_____

July 11, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Cecil Jones filed a notice of appeal following the denial of a motion for a "new trial" that

followed the dismissal of his action under 42 U.S.C. § 1983. Jones did not properly file the motion

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

until more than 10 days after the entry of judgment, so that his motion is construed as a motion for relief from judgment under FED. R. CIV. P. 60(b). *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668-69 (5th Cir. 1986) (*en banc*). The filing of the Rule 60 motion more than 10 days after entry of the judgment did not affect the running of the 30-day period in which a notice of appeal from the underlying judgment must be filed. *See* FED. R. APP. P. 4(a)(1)(A), 4(a)(4)(A). Therefore, Jones's notice of appeal is timely only with regard to the denial of the Rule 60(b) motion and does not bring up the underlying judgment dismissing his § 1983 action. *In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

Jones does not address whether the district court abused its discretion by denying the Rule 60 motion. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*) (abuse-of-discretion standard applies to denial of Rule 60(b) motion). His arguments challenge only the underlying judgment, which is beyond the scope of this court's review. *Id.* at 995. Jones therefore has not met his burden of showing that the denial of his Rule 60(b) motion was "so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

The district court's judgment is AFFIRMED