IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30121
Summary Calendar

_____

JOHNNY L. DUNCAN,

Plaintiff-Appellant,

versus

BOB WOOD; NIKE-UNITED STATES OF AMERICA;
PHIL KNIGHT; NIKE INC.; WIEDEN & KENNEDY LLC,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3777-S
--------------------
November 19, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Johnny L. Duncan appeals from the summary judgment dismissal of his suit alleging that the defendants' advertising campaign using variations of the slogan "I Can" violated his copyright in a poem that he created in 1986 entitled "I Can." After a _de novo_ review, we affirm.

The defendants argue that our review is limited to determining whether the district court abused its discretion in denying

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Duncan's purported Rule 60(b) motion.  Because Duncan's motion was filed within ten days of the district court's summary judgment, it is treated as a Rule 59(e) motion.  See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 670 (5th Cir. 1986)(en banc).  Although Duncan's notice of appeal designated only the denial of the post-judgment motion, we overlook such technical errors or mistakes and infer that Duncan intended to appeal the adverse underlying judgment.  See Lockett v. Anderson, 230 F.3d 695, 700 (5th Cir. 2000).

Duncan argues that his summary judgment evidence demonstrated that the defendants had access to his poem "I Can" because the poem appeared for several years in a calendar, a book, and a poetry anthology, all of which Duncan asserts were distributed throughout the country.  He also asserts that his poem and the defendants' advertisements were substantially similar.  We conclude from a review of the record that Duncan has failed to show more than a bare possibility that the defendants had access to his work and that the poem and advertisements are not substantially similar. See Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 394 (5th Cir. 2001); Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 113 (5th Cir. 1978).

AFFIRMED.