**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60482
_____

LONNIE DONNELLY,

Plaintiff-Appellant,

versus

LINDA EDWARDS; SCOTT FITCH, Warden; DIANE FOY, Commander;
DANA RICKS, Hearing Officer; NICHOLE BERANICH, Unit Manager;
W. CLEMENS, Chief of Security,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1538-WS
--------------------

Before DUHÉ, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lonnie Donnelly, Mississippi prisoner # K1304, proceeding

in forma pauperis, filed a pro se complaint pursuant to 42 U.S.C.

§ 1983 and consented to have his case determined by a magistrate

judge, who dismissed the complaint.

This court must examine the basis of its jurisdiction on its

own motion if necessary.  See Mosley v. Cozby, 813 F.2d 659, 660

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1987). Under FED. R. APP. P. 4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the motion. A motion requesting reconsideration of a judgment is treated as a Rule 59 motion for purposes of FED. R. APP. P. 4(a)(4), regardless of the label applied to the motion, if it is made within the 10-day limit for Rule 59(e) motions. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

Although styled as "objections" to the judgment, Donnelly's post-judgment filing challenges the magistrate judge's dismissal of his complaint. Accordingly, despite the label affixed by this pro se litigant, the post-judgment filing must be regarded as a Rule 59(e) motion because it was filed within 10 days of the entry of judgment. See FED. R. CIV. P. 6(a); see also Harcon Barge, 784 F.2d at 667.

Accordingly, this case must be remanded, and the record returned to the magistrate judge, so that the magistrate judge may rule upon Donnelly's Rule 59(e) motion as expeditiously as possible, consistent with a just and fair disposition thereof. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).

This court retains jurisdiction over the appeal except for the purposes of the limited remand stated above.

LIMITED REMAND.