United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60854
Summary Calendar

LOUIS DAVIS, JR.,

Plaintiff-Appellant,

versus

UNIVERSITY MEDICAL CENTER; SHIRLEY SCHLESSINGER,
also known as Unknown Schlessincer; UNKNOWN WILSON;
UNKNOWN FAIRBALL; UNKNOWN SCHAAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-1001-BN
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Louis Davis, Jr., Mississippi prisoner # 16425, seeks to appeal the dismissal of his 42 U.S.C. § 1983 action, alleging the denial of adequate medical care. The district court dismissed the suit after a Spears hearing for failure to state a cognizable claim. More than 10 days after entry of the judgment of dismissal, Davis filed a motion for "summary judgment," which is properly construed as a motion under FED. R. CIV. P. 60(b). See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.</u>, 784 F.2d 665, 668-69 (5th Cir. 1986)(en banc).  Davis filed a notice of appeal less than 30 days after the denial of the Rule 60(b) motion, but more than 30 days after the judgment dismissing the underlying action.  His notice of appeal, therefore, is effective only as to the denial of the Rule 60(b) motion; the underlying judgment is not before us.  See FED. R. APP. P. 4(a)(1)(A), 4(a)(4)(A); <u>Edwards v. City of Houston</u>, 78 F.3d 983, 995 (5th Cir. 1996)(en banc).

Davis argues that the defendants acted in excess of their authority by performing surgery without first consulting him, thereby subjecting him to cruel and unusual punishment.  He also argues that he was denied his liberty interest under the Due Process Clause in refusing unwanted medical treatment, that the surgery performed on him was an assault and battery, and that the district court failed to give him and opportunity to present evidence on his claims.  To the extent that Davis's arguments attack the underlying judgment, we do not consider them because the underlying judgment is not before us.  See <u>Edwards</u>, 78 F.3d at 995.  To the extent that Davis's arguments implicate the denial of Rule 60(b) relief, Davis fails to show that the district court abused its discretion by denying his post-judgment motion.  See <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981)(appellant from denial of Rule 60(b) motion must show that denial was "so <u>unwarranted</u> as to constitute an abuse of

discretion").  Davis also moves for the appointment of counsel, which is DENIED.

The district court's judgment is AFFIRMED.  MOTION DENIED.