**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30126
Summary Calendar

PETER ROY ALFRED, JR

Plaintiff-Appellant

v.

ALLEN CORRECTIONAL CENTER; LINDA HAUSAUER; WACKENHUT SECURITY CO; MARCUS CLEAR; SERGEANT CEASER; MRS KERSHAW; O KENT ANDREWS; JAMES SIMON; OTIS JOHNSON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-703

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Peter Roy Alfred, Jr., Louisiana prisoner # 315023, appeals the denial of his request for a "rehearing" after the district court denied his motion to annul an entry of summary judgment in favor of the defendants in a 42 U.S.C. § 1983 civil suit. Alfred had alleged, among other things, that his right against cruel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and unusual punishment had been violated because officials failed to provide adequate medical care for his severe sleep apnea.

Alfred's motion for "rehearing" is treated as a Federal Rule of Civil Procedure 60(b) motion, and the district court's denial is reviewed for abuse of discretion. *Terrebonne v. K-Sea Transp. Corp.*, 477 F. 3d 271, 277 (5th Cir. 2007) (internal citations omitted); *see Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (en banc). To the extent that Alfred directly challenges the grant of summary judgment, those arguments are not cognizable because the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

In his motion for "rehearing," Alfred advanced no plausible explanations to demonstrate that the district court had abused its discretion in denying his motion to annul the grant of summary judgment based on the grounds that the request for relief did not fall within any of the parameters of Rule 60(b) and also that the annulment motion had been untimely filed. Similarly, in his appellate brief, Alfred does not make any explicit or implicit arguments pertinent to the Rule 60(b) factors.

A district court does not abuse its discretion by denying a Rule 60(b) motion wherein the movant merely rehashes his prior arguments without making a showing that his request for reconsideration is based on one of the statutory grounds. *Matter of Colley*, 814 F.2d 1008, 1010-11 (5th Cir. 1987). Alfred's motion for "rehearing" is simply a repeat of the same arguments he has previously made against the grant of summary judgment, and his assertion that he was unaware of the time constraints is disingenuous at best. Accordingly, the district court was well within its discretion to deny Alfred's motion for "rehearing." *Id*.

AFFIRMED