# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

No. 08-31077

Charles R. Fulbruge III
Clerk

EDWARD N MCCRAY,

> Plaintiff-Appellant

v.

MARLIN PEACHEY; RODNEY JACK STRAIN, JR., Sheriff of St Tammany
Parish; TERRY CROUCH, Deputy,

> Defendants-Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC 2:06-CV-02794

---

Before KING, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to 42 U.S.C. § 1983, Edward McCray filed an action against
Warden Marlin Peachey, Sheriff Jack Strain, Jr., and Deputy Terry Crouch,
claiming, *inter alia*, that, while McCray was a pretrial detainee, his
constitutional rights were violated by defendants' failure to protect him from
other inmates. In addition, McCray claimed state-law negligence. Having

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-31077

prevailed only on the state-law claim, and having been awarded damages he asserts are insufficient for that claim, McCray appeals.  AFFIRMED.

I.

In August 2005, McCray, as a pretrial detainee, was incarcerated on a charge of second-degree murder in the St. Tammany Parish Jail.  Originally, he was placed in juvenile holding, in order for his telephone calls to be monitored.  According to Detective Hall, McCray requested *not* to remain in isolation.  He was later transferred to the A-100 tier of the general jail population.

At trial, McCray testified:  he requested to be placed in the medical unit, instead of the A-100 tier, because he feared other inmates might attack him; his request was denied; after his transfer to the A-100 tier, an inmate attacked McCray, hitting him in the face; McCray was taken to a medical facility to be examined and then returned to his cell; a few days later, another inmate stabbed McCray in the eye; and he was taken to a hospital, where that eye was removed.

Following his injury, McCray filed this action pursuant to § 1983, claiming, *inter alia*, defendants' actions subjected him to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments.  Under state law, McCray claimed defendants negligently failed to prevent the attack.

With both parties' consent, the case was tried by a magistrate judge.  At trial, after the close of McCray's evidence, the court granted in part defendants' Rule 50(a) motion for judgment as a matter of law, dismissing McCray's failure-to-protect claims against Warden Peachey and Sheriff Strain, each in his individual capacity.  The motion was denied for Deputy Crouch.

At the close of evidence, defendants renewed their Rule 50(a) motion.  It was granted for Sheriff Strain in his individual and official capacities but denied for the remaining constitutional claims against Warden Peachey and Deputy Crouch and for the state-law claim against defendants.

No. 08-31077

The jury found no liability for the constitutional claims. It did, however, find Warden Peachey and Deputy Crouch liable under state law and awarded damages for $35,000 for the loss of McCray's eye and $15,000 for his future medical expenses; it awarded no damages for emotional and physical pain and suffering or for loss of enjoyment of life. Concerning those damages, the jury attributed fault as follows: 40 percent to the inmate who stabbed McCray; 35 percent to McCray; 20 percent to Deputy Crouch; and five percent to Warden Peachey. Accordingly, McCray received $12,500 in damages. Judgment was entered on 28 August 2008.

On 17 September 2008, more than ten days after entry of judgment, as discussed *infra*, McCray filed a Rule 50(b) motion for judgment as a matter of law or, in the alternative, under Rule 59, for new trial. Before the motion was ruled upon, however, he filed a notice of appeal on 27 October 2008. That appeal was dismissed for want of prosecution on 11 December 2008. On 21 January 2009, McCray's motion to reinstate appeal was granted.

In February 2009, during the pendency of this appeal, the district court denied McCray's September Rule 50 motion because no prior Rule 50 motion was filed during trial, as discussed *infra*. Moreover, the Rule 50 motion was untimely. *See* FED. R. CIV. P. 50(b) (2008) (amended 1 Dec. 2009) ("No later than 10 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law . . . ."). Likewise, the Rule 59 new-trial motion was untimely. *See* FED. R. CIV. P. 59(b) (2008) (amended 1 Dec. 2009) ("A motion for a new trial must be filed no later than 10 days after the entry of judgment."). (McCray's hurricane-related reasons for the late filing were rejected by the court. McCray does not raise that issue on appeal.)

Accordingly, the district court construed McCray's September post-trial motion as a Rule 60(b) motion, because, as noted, it was filed more than ten days after entry of judgment. *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784

No. 08-31077

F.2d 665, 667 (5th Cir. 1986) (holding Rule 60(b) governs the timeliness and effect of any motion to alter or amend judgment filed more than ten days after judgment).  The court ruled Rule 60(b) relief was not proper and relief could have been obtained on appeal.

## II.

McCray contends:  regarding damages, the district court erred in denying his motion for judgment as a matter of law and, in the alternative, for new trial; and, the jury erred in finding no liability under § 1983.  McCray has also filed a motion to remand for the district court to rule on his earlier denied post-trial motion.  McCray's remand motion will be addressed first.  (Defendants assert that subject matter jurisdiction is lacking because McCray's federal claim is fabricated merely to create federal-court jurisdiction.  This claim lacks merit. McCray's request to strike this part of defendants' brief is denied.)

## A.

McCray seeks remand for the district court to rule on his September 2008 motion for judgment as a matter of law or, in the alternative, for new trial.  As discussed, the district court, however, has already ruled on that motion.  It was denied.  Accordingly, remand to the district court is not required.

After McCray filed his notice of appeal, the district court was without jurisdiction to grant him relief on the motion. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994) (holding that, once an appeal is filed, although it may *deny* relief, the district court lacks jurisdiction to grant a Rule 60 motion without first obtaining leave from the court of appeals).  It could, however, deny it. *See id.* As discussed, in denying the motion, the district court concluded McCray's request for judgment as a matter of law and his motion for a new trial were untimely and procedurally barred.

The court noted that McCray failed to move for relief under Rule 50(a) prior to the submission of the case to the jury. *See* FED. R. CIV. P. 50(a)(2) ("A

motion for a judgment as a matter of law may be made at any time *before* the case is submitted to the jury." (emphasis added)).  Further, because McCray failed to do so, the court concluded he was prohibited from filing a post-verdict motion under Rule 50(b). *See Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) ("If a party fails to move for a judgment as a matter of law under [Rule] 50(a) on an issue at the conclusion of all of the evidence, that party waives . . . its right to file a renewed post-verdict Rule 50(b) motion . . . .").

The court also denied as untimely McCray's new-trial motion under Rule 59 because it was filed more than 10 days after entry of judgment. Additionally, as discussed  *supra*, the district court denied relief under Rule 60(b).

## B.

Next at issue are McCray's challenges to the damages awarded for his state-law claim and to the denial of relief for his constitutional claims.  Neither has merit.

## 1.

For reviewing the damages challenge, under review is the denial of the new-trial motion. *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 924 (5th Cir. 2002) (citing *Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1475 (5th Cir. 1993)).  The denial is reviewed for abuse of discretion. *Id.*  (citing *Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1006 (5th Cir. 1982)).  For such an abuse of discretion, there must be a "complete absence of evidence to support the verdict". *Id.*

McCray contends the district court erred in denying his new-trial motion because the jury awarded special, but not also general, damages.  As discussed, McCray's new-trial motion, however, was filed more than ten days after entry of judgment. Accordingly, the district court did not abuse its discretion in denying it.  (Again, substitute Rule 60 relief was denied post notice of appeal.)

No. 08-31077

2.

McCray challenges denial of relief for his constitutional claims on three grounds. Each fails.

First, based on sufficiency of the evidence, he contests the jury's decision, maintaining erroneously that review is for plain error. It is well settled that "a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate post-verdict motion in the district court". *Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006); *see also Downey v. Strain*, 510 F.3d 534, 543 (5th Cir. 2007) ("[Appellant] waived his right to appeal on the grounds of sufficiency of the evidence because he did not file a motion under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law after the jury's verdict".). Therefore, because McCray failed to file a timely 50(b) motion, his sufficiency-of-the-evidence challenge is waived.

Second and third, McCray contends the district court: misstated the deliberate-indifference standard in the jury instructions; and, in fact, should not have applied that standard at all. As McCray concedes, review is only for plain error, because he did not object to the challenged instruction in district court.

To establish reversible plain error, McCray must show a clear or obvious error that affected his substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If such error is established, we still have discretion to correct it and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Absent overt participation in the events giving rise to a constitutional claim, McCray must demonstrate defendants acted with deliberate indifference. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (citing *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). The court, therefore, did not plainly err in applying the deliberate-indifference standard.

No. 08-31077

Further, *Mesa* explained that "[d]eliberate indifference is a 'conscious choice to endanger constitutional rights'". *Id.* (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998)). Consequently, the court did not plainly err in instructing the jury that, to find deliberate indifference, "Plaintiff must establish that the individual Defendant knew of and disregarded an excessive risk to the inmate's health or safety".

## III.

For the forgoing reasons, the motion to remand is DENIED; the judgment is AFFIRMED.

No. 08-31077

JENNIFER WALKER ELROD, Circuit Judge, Concurring:


I concur in the opinion of the court but write separately to emphasize that this court's opinion in no way rests upon Appellees' lengthy argument suggesting that the jury's award of zero damages for physical pain and suffering, emotional pain and suffering, and loss of enjoyment of life was appropriate under Louisiana law. Rather, this court is powerless even to address the substantive propriety of McCray's damages award given his failure to timely file an appropriate post-verdict motion. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006). Accordingly, I AFFIRM.