# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2011

No. 10-20602
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE D. LA BLANCHE, III,

Plaintiff-Appellant

v.

PRAIRIE VIEW A & M UNIVERSITY; KPVU RADIO; CHERYL GRANGER
BROOKS; JEFFREY KELLEY; FRED WASHINGTON, Vice President Auxiliary
Services; ALBERT GEE, Assistant Vice President Human Resources; RADHIKA
AYYAR, Director Employee Services,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2978

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

George D. La Blanche, III, moves this court for authorization to proceed
in forma pauperis (IFP) on appeal. Insofar as La Blanche wishes to appeal the
order dismissing his suit, we lack jurisdiction to consider the correctness of this
judgment due to his failure to timely notice an appeal from it. *See Bowles v.
Russell*, 551 U.S. 205, 214 (2007). However, he did timely notice his appeal from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20602

the magistrate judge's denial of his postjudgment motion, which is best classed as arising under Federal Rule of Civil Procedure 60(b). *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). We thus consider whether La Blanche has shown that he should be permitted to proceed IFP in this appeal from the denial of his Rule 60(b) motion. The appellee has filed a motion for summary affirmance and to stay the briefing deadlines.

La Blanche asserts that he is impoverished and that the magistrate judge was biased. Additionally, he avers that the magistrate judge had jurisdiction over his suit, that he did not raise a Title VII claim, and that he raises a valid retaliation claim. These allegations are insufficient to show that La Blanche will raise a nonfrivolous issue on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Consequently, all outstanding motions are DENIED, and this appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.