# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-10054
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2022

Lyle W. Cayce
Clerk

IN THE MATTER OF WILLIAM PAUL BURCH,

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

CHASE BANK OF TEXAS, N.A.,

*Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-524

---

Before HIGGINBOTHAM, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10054

William Paul Burch appeals from the district court's order denying his motion to reopen his appeal from the bankruptcy court's denial of his motion under Federal Rule of Civil Procedure 60(b) to reverse all orders in his case. *See also* FED. R. BANKR. P. 9024 (allowing bankruptcy litigants to seek relief under FED. R. CIV. P. 60(b)). Because Burch's "motion to reopen" in the district court was filed within 28 days of the entry of the district court's order affirming the denial of Rule 60(b) relief, his notice of appeal from the denial of the motion to reopen brings up for review the district court's order affirming the denial of Rule 60(b) relief, as well. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Burch has filed a motion to proceed in forma pauperis (IFP) on appeal, a motion to remand the case to the district court, and a motion to stay the proceedings.

Burch asks us to remand the matter to the district court pursuant to Federal Rule of Appellate Procedure 12.1, stating that he is now able to pay the filing fee because his financial situation has improved. However, the district court entertained Burch's appeal and affirmed the bankruptcy court's denial of Rule 60(b) relief despite denying him leave to proceed IFP. In any event, the district court has not issued a statement or indicative ruling in accordance with Rule 12.1 and Federal Rule of Civil Procedure 62.1. Accordingly, his motion to remand is denied.

To proceed IFP on appeal, Burch must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal presents nonfrivolous issues when it raises legal points that are arguable on the merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If the appeal is frivolous, we may dismiss it sua sponte. 5TH CIR. R. 42.2; *see Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

No. 21-10054

To the extent that Burch argues that his case was improperly transferred to the bankruptcy court as it was not a core proceeding arising under Title 11 nor was it related to a bankruptcy proceeding and that bankruptcy courts can only enter findings, conclusions, and recommendations not rulings or judgments, he did not properly raise these arguments before both the bankruptcy and district courts, and this court will not consider arguments raised for the first time on appeal. *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 426 (5th Cir. 2014); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also Banister v. Davis*, 140 S. Ct. 1698, 1709-10 (2020).

Burch does not have a nonfrivolous argument that Rule 60(b) relief was warranted because the district court erred in not remanding his case to state court for lack of federal-court subject matter jurisdiction. A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is complete diversity of parties because Burch is a citizen of Texas and Chase Bank is a citizen of Ohio as, following various corporate mergers, its main office is located there. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Moreover, the amount in controversy requirement is met because Burch's lawsuit sought damages well in excess of $75,000. Finally, while Burch claims that his case could not be removed because it had not been assigned to a state trial court judge, Burch has cited no law in support of this proposition, and nowhere do the removal statutes state that such an assignment is a prerequisite for removal. *See* 28 U.S.C. §§ 1441, 1446.

Burch's remaining arguments, concerning his financial eligibility to proceed IFP before the district court and this court are irrelevant as he has

failed to present a nonfrivolous issue on appeal and because the district court affirmed the decision of the bankruptcy court on the merits. *See Carson*, 689 F.2d at 586.

Because Burch raises no nonfrivolous issues on appeal, the motion to proceed IFP is denied and the appeal is dismissed as frivolous. *See id.*; Fed. R. App. P. 24(a); 5th Cir. R. 42.2. Because we dismiss the appeal, we deny Burch's motion to stay the proceedings as moot.

This court has repeatedly warned Burch of the possibility of sanctions and instructed him to review his pending appeals and withdraw any that were frivolous. *See Matter of Burch*, No. 20-11240, 2022 WL 901510, 1 (5th Cir. Mar. 28, 2022) (unpublished), *cert. denied*, No. 22-5228, 2022 WL 4656736 (U.S. Oct. 3, 2022); *Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 294 (5th Cir. 2021); *Matter of Burch*, 835 F. App'x 741, 749 (5th Cir.), *cert. denied*, 142 S. Ct. 253 (2021). Because Burch failed to heed our warnings, we previously imposed monetary sanctions. *See, e.g.*, *Matter of Burch*, No. 20-11057, 2022 WL 1499284, 1 (5th Cir. May 12, 2022) (unpublished) (imposing $500 sanction), *cert. denied*, 2022 WL 6573247 (U.S. Oct. 11, 2022) (No. 22-5526); *Matter of Burch*, No. 20-11171, 2022 WL 212836, 1 (5th Cir. Jan. 24, 2022) (unpublished) (imposing $250 sanction), *cert. denied*, 142 S. Ct. 2800 (2022); *Matter of Burch*, No. 20-11074, 2021 WL 5286563, 1 (5th Cir. Nov. 12, 2021) (unpublished) (imposing $100 sanction).

Burch has paid some of these monetary sanctions but has repeatedly ignored our admonitions. We conclude that additional sanctions are warranted. Burch is hereby ordered to pay $500.00 to the clerk of this court, and he is barred from any further filings in this court or any court subject to this court's jurisdiction without first obtaining the permission of the forum court.

No. 21-10054

MOTIONS    DENIED;    APPEAL    DISMISSED    AS
FRIVOLOUS; SANCTION IMPOSED.