United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-40514
Summary Calendar

————————————

DAVID LYNN WALLEN,

                                    Plaintiff-Appellant,

versus

MICHAEL J. OLSEN, Sergeant; ROBERT A. WALKER, Sergeant;
GILBERT ENNIS, Lieutenant; JOHN R. MCDANIEL, Lieutenant;
CHRISTOPHER W. AGAPIOU, Sergeant; CORNELIUS E. SMITH, Captain;
NEAL D. WEBB, Assistant Warden; ERIC L. FRUGE, Correctional
Officer III; KEVIN L. CARLVIN, Sergeant; TALIESIN R. STERN,
Sergeant; GARY L. JOHNSON; STATE OF TEXAS,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-323
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    David Lynn Wallen, Texas prisoner # 341807, proceeding

in forma pauperis, filed a pro se complaint pursuant to 42 U.S.C.

§ 1983 and consented to have his case determined by a magistrate

judge.  After conducting a Spears[**] hearing to more fully develop

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Wallen's claims, the magistrate judge dismissed the complaint with regard to all defendants as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Specifically, the magistrate judge dismissed Wallen's claims that the defendants had been deliberately indifferent to his serious medical needs by feeding him non-diabetic food loaves.

This court must examine the basis of its jurisdiction on its own motion if necessary. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Under FED. R. APP. P. 4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the motion. A motion requesting reconsideration of the judgment is treated as a Rule 59 motion for purposes of Rule 4(a)(4), regardless of the label applied to the motion, if it is made within the 10-day limit for Rule 59 motions. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

Although styled as "objections" to the judgment, Wallen's post-judgment filing challenges the magistrate judge's dismissal of his deliberate-indifference claim and contains a renewed argument with respect to his conditions-of-confinement claim. Accordingly, despite the label affixed by this pro se litigant, the post-judgment filing must be regarded as a FED. R. CIV. P. 59(e) motion because it was filed within 10 days of the entry of judgment. See Harcon Barge, 784 F.2d at 667.

Accordingly, this case must be remanded, and the record returned to the magistrate judge, so that the magistrate judge may rule upon Wallen's Rule 59(e) as expeditiously as possible, consistent with a just and fair disposition thereof. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).

This court retains jurisdiction over the appeal except for the purposes of the limited remand stated above.

LIMITED REMAND.