United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51540
Summary Calendar

ROGER HUMMEL,

Plaintiff-Appellant,

versus

JANIE MUNIZ,
formerly Law Librarian, Albert Hughes State Prison;
LARRY FEMRITE, Law Library, Prison Guard,
Albert Hughes State Prison;
FRANK D. HOKE, Program Administrator, Access to Courts,
Texas Department of Criminal Justice;
ANDY R. MASSINGILL,
Assistant Warden, Albert Hughes State Prison;
STEPHEN G. ROCKWELL,
Property Officer, Albert Hughes State Prison;
KELLI WARD,
Program Administrator, Prisoner Grievance Central Office,
Texas Department of Criminal Justice,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-31
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roger Hummel, a Texas prisoner, has filed a notice of appeal from the denial of his "Motion for Rule 60 Reconsideration of Dismissal," which was filed following the dismissal with prejudice pursuant to 28 U.S.C. § 1915(A) of his 42 U.S.C. § 1983 lawsuit, for failure to state a claim. Because it was filed more than 10 days after the entry of judgment, the "Motion for Rule 60 Reconsideration of Dismissal" was essentially a FED. R. CIV. P. 60(b) motion for relief from judgment. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Also, because Hummel filed his motion more than 10 days after the May 20, 2005, entry of the judgment of dismissal, his notice of appeal is effective only as to the denial of the rule 60 motion, and the underlying judgment is not before this court. See FED. R. APP. P. 4(a)(1)(A), 4(a)(4)(A); Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996)(en banc).

A Rule 60 motion is not a substitute for appeal from the underlying judgment. Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Denial of a rule 60(b) motion is reviewed for abuse of discretion. Id. It is not enough that the granting of relief might have been permissible, or even warranted. "[D]enial must have been so unwarranted as to consti-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tute an abuse of discretion." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981).

Hummel has not remotely made such a showing in his appellate briefs. His appeal is wholly without merit and is thus frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Accordingly, his appeal is DISMISSED. The dismissal of the instant appeal as frivolous and the district court's dismissal of his complaint for failure to state a claim each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996). Hummel is thus cautioned that, once he accumulates three strikes, he may not proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

DISMISSED; SANCTION WARNING ISSUED.