# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20075
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

ALBERT HARRIS,

Plaintiff-Appellant

v.

MARSHA MOBERLY; CHARLES SHIPMAN; JAMES LAFAVERS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-101

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Albert Harris, Texas inmate # 677922, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief could be granted.

This court must examine the basis of its jurisdiction and may do so sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Regardless of the label attached to it, a motion challenging the correctness of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20075

a judgment is a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the litigant submits it within 28 days after the entry of the judgment. *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc); FED. R. CIV. P. 59(e). Where a litigant files a timely Rule 59(e) motion and a notice of appeal, the notice of appeal does not become effective until the entry of the order disposing of the motion. FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

Harris filed a postjudgment motion challenging the dismissal of his complaint within 28 days of the district court's entry of judgment, which is properly construed as a Rule 59(e) motion. *See Mangieri*, 29 F.3d at 1015 n.5; *Harcon Barge Co.*, 784 F.2d at 668. Because the district court has not decided the Rule 59(e) motion, this appeal is premature. *See* FED. R. APP. P. 4(a)(4)(B)(i). The case is, therefore, remanded to the district court for the limited purpose of allowing the court to rule on Harris's pending Rule 59(e) motion. Harris's appeal is held in abeyance.

REMANDED FOR LIMITED PURPOSE; APPEAL HELD IN ABEYANCE.

2