# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

No. 24-20161

Benjamin LaCount, II,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1646

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Benjamin LaCount II brought this action under the Federal Tort Claims Act alleging that the United States Department of Veteran Affairs negligently terminated his vocational-rehabilitation benefits. On the Government's motion, the district court dismissed LaCount's claim for want of subject matter jurisdiction. Within 28 days, LaCount moved for reconsideration, citing Federal Rules of Civil Procedure 52 and 60(b). Before

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20161

obtaining a ruling on that motion, LaCount noticed this appeal. LaCount's motion for reconsideration remains pending in the district court.

Before addressing the merits of LaCount's appeal, "[t]his court must examine the basis of its jurisdiction and may do so sua sponte, if necessary." *Durham v. AMIKids, Inc.*, 807 F. App'x 399, 399 (5th Cir. 2020) (per curiam). Under Federal Rule of Appellate Procedure 4, the time to file an appeal runs from the district court's disposition of any Rule 60 motion filed within 28 days from the entry of the underlying judgment or order. FED. R. APP. P. 4(a)(4)(A)(vi); *see also* FED. R. CIV. P. 59(e).[1] And "[i]f a party files a notice of appeal after the court . . . enters the judgment," but before disposition of such a motion, the notice of appeal does not become effective until disposition of the Rule 60 motion. FED. R. APP. P. 4(a)(4)(B)(i). Because the district court has not yet ruled on LaCount's motion for reconsideration, his notice of appeal is not yet effective, and this appeal is premature. *See id.*; *Nat'l Horsemen's Benevolent and Protective Ass'n v. Black*, 53 F.4th 869, 879 (5th Cir. 2022); *see also, e.g.*, *Dillard v. Davis*, No. 22-10791, 2023 WL 6162767, at *1 (5th Cir. Sept. 21, 2023) (per curiam); *Boyd v. Thomas*, No. 22-60485, 2023 WL 4363664, at *1 (5th Cir. July 6, 2023) (per curiam); *Harris v. Moberly*, 642 F. App'x 386, 387 (5th Cir. 2016) (per curiam) (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994)).

Accordingly, we remand for the limited purpose of allowing the district court to rule on the motion for reconsideration. *See Dillard*, 2023 WL 6162767, at *1; *Boyd*, 2023 WL 4363664, at *1; *Harris*, 642 F. App'x at 387.

_____

[1] We pretermit the question whether LaCount's motion is properly construed as a Rule 60(b) motion. *See Harris v. Moberly*, 642 F. App'x 386, 387 (5th Cir. 2016) (per curiam) ("Regardless of the label attached to it, a motion challenging the correctness of a judgment is a motion filed pursuant to Rule 59(e) . . . if the litigant submits it within 28 days after the entry of the judgment"). Rule 4(a)(4)(B)(i) applies the same either way.

No. 24-20161

Pending remand, we hold this case in abeyance until LaCount's notice of appeal becomes effective, at which point the case should be returned to this panel for disposition.

REMANDED.